UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY MILLER,<br><br>                             Plaintiff,<br><br>        - against -<br><br>ALLHIPHOP.COM LLC<br><br>                             Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Gary Miller ("Miller" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Allhiphop.com LLC ("Hip" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of an injured Tupac Shakur who was shot in New York City in 1994 owned and registered by Miller, a New York City based photojournalist. Accordingly, Sands seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant reside in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Miller is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 137-02 224 Street, Laurelton New York 11413.

6. Upon information and belief, Hip is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business at 244 5th Avenue, New York, NY 10001. At all times material hereto, Hip has operated and continues to operate a website at the URL: www.AllHipHop.com (the "Website").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photograph**

7. In November 1994, Tupac Shakur was shot at New York's Quad Recording Studios. Dexter Isaac, a prisoner, said he was hired by hip hop manager Jimmy Rosemond to shoot and mug Shakur. Isaac was given $2,500 dollar plus jewelry to commit the ambush.

8. In November 1994, Miller photographed an injured Shakur getting lifted into an ambulance after the attack wrapped in bandages (the "Photograph"). A true a correct copy of the Photograph is attached here to as Exhibit A.

9. Miller is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyrights thereto.

10. The Photograph was registered with Copyright Office and was given Copyright Registration Number VA 1-233-155, effective February 5, 2004.

### B. Defendant's Infringing Activities

11. Upon information and belief, on or about February 25, 2016, Hip ran an article on the Website entitled *EXCLUSIVE: Filmmaker Donald Sikorski Discusses Upcoming Jimmy "Henchman" Rosemond Docuseies 'Unjust Justice'* (http://allhiphop.com/2016/02/25/exclusive-donald-sikorski-james-jimmy-henchmen-rosemond-unjust-justice-2pac-50-cent/). The article prominently featured the Photograph. A true and correct copy of the Photograph on the article is attached hereto as Exhibit B.

12. Hip did not license the Photograph from Plaintiff for use on its article, nor did Hip have plaintiff's permission or consent to publish the Photograph on its Website.

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST HIP)
## (17 U.S.C. §§ 106, 501)

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Hip infringed Plaintiff's copyright in the Photograph by reproducing and publically displaying the Photograph in an article on the Website. Hip is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Hip have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Hip be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
April 12, 2016

           LIEBOWITZ LAW FIRM, PLLC
           By: *Richard Liebowitz*
           Richard P. Liebowitz
           11 Sunrise Plaza, Suite 301
           Valley Stream, NY 11580
           Tel: (516) 233-1660
           RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Gary Miller*